AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of California

CV-19  80154MISC

SVK

| | |
|---|---|
| Paletta International Corporation / Angelo Paletta | ) |
| *Appellants* | ) |
| v. | )  Civil Action No. |
| Her Majesty the Queen in Right of Canada | ) |
| *Respondent* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:  DEREK BAINE, to be served at 50 Ragsdale Drive, Suite 200, Monterey, CA  93940

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the address provided below at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: 2050 Gateway Place, San Jose, California, 95110 | Courtroom No.: Boardroom |
|---|---|
| | Date and Time: 06/03/2019 9:30 am |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:
All the records, spreadsheets, data sheets, notes, correspondence, communications and working papers in relation to the reports prepared by Kagan Media Appraisals for the films Night at the Museum and The Day the Earth Stood Still dated November 17, 2006 and August 22, 2008

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  5/21/2019

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Paletta International Corporation and Angelo Paletta , who issues or requests this subpoena, are:

Vivian M. Esper, vmesper@thor.ca, +1 (604) 602-4206

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

   I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

   ☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

   ☐ I returned the subpoena unexecuted because: _____

_____ .

   Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____1,000.00_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

   I declare under penalty of perjury that this information is true.

Date: _____

             _____
                 *Server's signature*

             _____
                 *Printed name and title*

             _____
                 *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Case 5:19-mc-80134-SVK   Document 3-1   Filed 05/21/19   Page 4 of 5

§ 23:291.Order—For execution of letter rogatory—Appointing..., 8 Fed. Proc. Forms §...

**8 Fed. Proc. Forms § 23:291**

**Federal Procedural Forms**     June 2018 Update

**Chapter 23. Discovery and Depositions**

**II. Depositions**

**D. Depositions for Use in Foreign Jurisdictions; Subpoenas Under 28 U.S.C.A. § 1783**

**2. Procedural Forms**


### § 23:291. Order—For execution of letter rogatory—Appointing examiner and directing issuance of subpoena [28 U.S.C.A. § 1782(a)]

Summary     Correlation Table     References
*[Caption, see § 23:39]*

The court having received on *[date of receipt]*, a letter rogatory issued from *[name of foreign tribunal]*, of *[name of country]*, requesting this court to cause the deposition of *[name of witness]*, of *[address of witness]*, such address located within this judicial district, to be taken *[pursuant to the procedure for taking testimony specified in the letter rogatory/pursuant to the Federal Rules of Civil Procedure]*; and the court being of the opinion that execution of this request is proper under the provisions of 28 U.S.C.A. § 1782,


IT IS ORDERED that *[name of attorney]*, attorney at law, be, and is, appointed as special examiner, with full power to administer oaths and take testimony, to take and execute the letter rogatory *[according to the instructions given/according to the provisions of the Federal Rules of Civil Procedure]*, and, more particularly, to take the deposition of *[name of witness] [according to the procedure specified in the letter rogatory/on oral examination/on written questions attached to such letter rogatory]*.


FURTHER ORDERED that the clerk of this court issue a subpoena *[immediately/on request of [name of special examiner]]*, commanding *[name of witness]* to appear and be examined pursuant to the letter rogatory before *[name of special examiner]*, on *[date of appearance]*, at *[address of appearance]*, at *[time of day] [a.m./p.m.]*


Dated: *[date of order]*

_____

Case 5:19-mc-80134-SVK   Document 3-1   Filed 05/21/19   Page 5 of 5

§ 23:291.Order—For execution of letter rogatory—Appointing..., 8 Fed. Proc. Forms §...

*[Name of judge]*
*[Title of judge]*

**Notes**

In re Letters Rogatory from Tokyo Dist., Tokyo, Japan, 539 F.2d 1216, 46 A.L.R. Fed. 950 (9th Cir. 1976).

---

**West's Key Number Digest**

- West's Key Number Digest, Federal Civil Procedure ⚘1312
- West's Key Number Digest, Federal Civil Procedure ⚘1316

---

Westlaw. © 2018 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

End of Document

© 2019 Thomson Reuters. No claim to original U.S. Government Works.